1
2
3
4
5
6
7
8
9
10
11

KATHERINE A. ALBERTS, ESQ. (SBN: 212825)
IOANA R. BURSON, ESQ. (SBN: 209471)
**LEONE ALBERTS & DUUS**
A Professional Corporation
1390 Willow Pass Road, Suite 700
Concord, CA 94520
Telephone:     (925) 974-8600
Facsimile:     (925) 974-8601
Email: kalberts@leonealberts.com
          iburson@leonealberts.com

Attorneys for Defendant
PLEASANTON UNIFIED SCHOOL DISTRICT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | |
|---|---|
| JAMISON CUMMINGS and BETSY CUMMINGS, individually and as guardian ad litem for their minor child, P.C., <br><br> Plaintiffs, <br><br> vs. <br><br> PLEASANTON UNIFIED SCHOOL DISTRICT, <br><br> Defendants. | Case No.: 3:22-cv-02937-CRB <br><br><br><br> **DEFENDANT PLEASANTON UNIFIED SCHOOL DISTRICT'S ANSWER TO PLAINTIFFS' COMPLAINT** |

COMES NOW defendant Pleasanton Unified School District (hereinafter the "District"), hereby answers the Complaint of Jamison Cummings and Besty Cummings, individually and as guardians ad litem for their minor child, P.C. (hereinafter "Plaintiffs") on file herein. Except as expressly admitted, the District denies each and every allegation set forth in Plaintiffs' Complaint. The District specifically denies it violated Plaintiffs' civil, common law and/or statutory rights under state and/or federal law.

## INTRODUCTION

1.      Answering Paragraph 1 of the Complaint, the District admits the allegations therein.

2.      Answering Paragraph 2 of the Complaint, each and every allegation contained therein is a legal conclusion that does not require a response, and on that basis the allegations are denied.

## THE DISTRICT'S ANSWER TO PLAINTIFFS' ALLEGATIONS REGARDING JURISDICTION AND VENUE

3.      Answering Paragraph 3 of the Complaint, the District admits that the Court has subject matter jurisdiction over this matter, but notes that Plaintiff does not bring any claims under state law, and therefore, the allegations regarding supplement jurisdiction are denied. Except as expressly admitted herein, each and every remaining allegation contained therein is a legal conclusion that does not require a response, and on that basis the allegations are denied.

4.      Answering Paragraph 4 of the Complaint, the District admits that this action is properly filed in this Court and that the District is located in this district. Except as expressly admitted herein, each and every remaining allegation contained therein is a legal conclusion that does not require a response, and on that basis the allegations are denied.

5.      Answering Paragraph 5 of the Complaint, each and every allegation contained therein is a legal conclusion that does not require a response, and on that basis the allegations are denied.

6.      Answering Paragraph 6 of the Complaint, each and every allegation contained therein is a legal conclusion that does not require a response, and on that basis the allegations are

1   denied.

2   **THE DISTRICT'S ANSWER TO PLAINTIFFS' ALLEGATIONS REGARDING**

3   **STANDARD OF REVIEW**

4         7.     Answering Paragraph 7 of the Complaint, each and every allegation contained

5   therein is a legal conclusion that does not require a response, and on that basis the allegations are

6   denied.

7         8.     Answering Paragraph 8 of the Complaint, each and every allegation contained

8   therein is a legal conclusion that does not require a response, and on that basis the allegations are

9   denied.

10   **THE DISTRICT'S ANSWER TO PLAINTIFFS' ALLEGATIONS REGARDING**

11   **PARTIES**

12         9.     Answering Paragraph 9 of the Complaint, the District admits that P.C. is a student

13   in the District and that she resided with her parents, Plaintiffs herein. The District is without

14   sufficient information or belief to either deny or admit the each and every remaining allegation in

15   Paragraph 9, and therefore, denies each and every remaining allegation in Paragraph 9.

16         10.    Answering Paragraph 10 of the Complaint, the District admits that Mr. Cummings

17   is P.C.'s father and he resides in Pleasanton, Alameda County, California.  The District is

18   without sufficient information or belief to either deny or admit the each and every remaining

19   allegation in Paragraph 10, and therefore, denies each and every remaining allegation in

20   Paragraph 10.

21         11.    Answering Paragraph 11 of the Complaint, the District admits that Mrs.

22   Cummings is P.C.'s mother and resides in Pleasanton, Alameda County, California. The District

23   is without sufficient information or belief to either deny or admit the each and every remaining

24   allegation in Paragraph 11, and therefore, denies each and every remaining allegation in

25   Paragraph 11.

26         12.    Answering Paragraph 12 of the Complaint, the District admits it is a public school

27   district in Alameda County, that it receives federal funding for its educational programs and that

28   at all relevant times to this matter, it was the local education agency responsible for P.C.'s

DEFENDANT PLEASANTON UNIFIED SCHOOL       Case No. 3:22-cv-02937-CRB
DISTRICT'S ANSWER TO PLAINTIFFS' COMPLAINT

education. Except as expressly admitted herein, each and every allegation contained therein is a legal conclusion that does not require a response, and on that basis the allegations are denied.

## THE DISTRICT'S ANSWER TO PLAINTIFFS' ALLEGATIONS REGARDING PROCEDURAL HISTORY

13.     Answering Paragraph 13 of the Complaint, the District admits the allegations contained therein.

14.     Answering Paragraph 14 of the Complaint, the District admits that ALJ Ravandi restated and reorganized the issues presented by Plaintiffs at the December 13, 2021, OAH Prehearing Conference, and that ALJ Marson was assigned to hear Plaintiffs' due process complaint in the OAH. The District lacks sufficient information and belief to admit or deny the allegation as to why Plaintiffs' due process proceeding was reassigned to ALJ Marson, and on that basis denies this allegation.  Except as expressly admitted herein, the District denies each and every remaining allegation in paragraph 14.

15.     Answering Paragraph 15 of the Complaint, the District admits that ALJ Marson issued a decision on February 24, 2022, and that in that decision, ALJ Marson found in favor of Plaintiffs on two procedural issues, found in favor of the District on three substantive FAPE issues, and declined to address the remaining nine issues.  Except as expressly admitted herein, the District denies each and every remaining allegation in paragraph 15.

## FACTUAL ALLEGATIONS

16.     Answering Paragraph 16 of the Complaint, the District admits that at the time of the filing of the Complaint, P.C. was a seventh-grade special education student and had a medical diagnosis of ADHD, and diagnoses of Dyslexia, Dyscalculia, Dysgraphia, and Adjustment Disorder-Anxiety. The District also admits that from 2016 to April, 2022, P.C. has been eligible for special education under the category of Specific Learning Disability, and since April 2022 primarily under the category of Other Health Impairment.  Except as expressly admitted herein, the District is without sufficient information or belief to either deny or admit the each and every remaining allegation in Paragraph 16, and therefore, denies each and every remaining allegation in Paragraph 16.

DEFENDANT PLEASANTON UNIFIED SCHOOL                Case No. 3:22-cv-02937-CRB
DISTRICT'S ANSWER TO PLAINTIFFS' COMPLAINT

17.    Answering Paragraph 17 of the Complaint, the District admits that on September 26, 2017, the District's Board of Trustees adopted Resolution No. 2017-18.09 – Recognition of Dyslexia Awareness Month, and that at that Board meeting, District staff presented the District's Dyslexia Action Plan for the 2017-2018 school year to the Board, which outlined the steps the District was going to take during the 2017-2018 school year to implement AB1369, which amended California special education statutes with respect to dyslexia. Except as expressly admitted herein, the District denies each and every remaining allegation in paragraph 17.

18.    Answering Paragraph 18 of the Complaint, the District denies that the Dyslexia Action Plan 2017-2018 was never fulfilled with its last update on October 9, 2017 and that the last action item completed was a one-day institute by Dr. Kathy Futterman.  The District lacks sufficient information or belief to either deny or admit that Dr. Futterman has been deemed an expert witness by the Office of Administrative Hearings in the areas of specific learning disability assessments, training, and education intervention, and that Dr. Futterman served on the panel of experts who created the California Dyslexia Guidelines. Except as expressly admitted herein, the District denies each and every remaining allegation in paragraph 18.

19.    Answering Paragraph 19 of the Complaint, the District admits that at the due process hearing, Dr. Futterman testified that she made recommendations to the District regarding training for teachers regarding dyslexia.  Except as expressly admitted, the District lacks sufficient information and belief to either admit or deny each and every remaining allegation in Paragraph 19, and therefore, denies each and every remaining allegation in Paragraph 19.

20.    Answering Paragraph 20 of the Complaint, the District denies the allegations contained therein.

21.    Answering Paragraph 21 of the Complaint, the District denies the allegations contained therein.

22.    Answering Paragraph 22 of the Complaint, the District denies the allegations contained therein.

23.    Answering Paragraph 23 of the Complaint, the District admits that P.C.'s April 29, 2019 IEP contains specialized academic instruction for reading of Wilson Reading Services.

DEFENDANT PLEASANTON UNIFIED SCHOOL                Case No. 3:22-cv-02937-CRB
DISTRICT'S ANSWER TO PLAINTIFFS' COMPLAINT

Except as expressly admitted herein, the District denies each and every remaining allegation in Paragraph 23.

24.     Answering Paragraph 24 of the Complaint, the District admits that its staff met with Plaintiffs to discuss services for P.C on or about June 12, 2019, including a transition plan and that Making Math Real was discussed.  Except as expressly admitted herein, the District denies each and every remaining allegation in paragraph 24.

25.     Answering Paragraph 25 of the Complaint, the District admits the allegations therein.

26.     Answering Paragraph 26 of the Complaint, the District admits that its Assistant Superintendent of Student Services, Ed Diolazo has acknowledged that the District has a teacher trained in Making Math Real on staff.  Except as expressly admitted herein, the District denies each and every allegation contained in Paragraph 26.

27.     Answering Paragraph 27 of the Complaint, the District denies the allegations contained therein.

28.     Answering Paragraph 28 of the Complaint, the District denies the allegations therein.

29.     Answering Paragraph 29 of the Complaint, the District admits the allegations therein.

30.     Answering Paragraph 30 of the Complaint, the District denies the allegations therein.

31.     Answering Paragraph 31 of the Complaint, the District admits that during the 2021-2022 school year, P.C. was enrolled in a general education ELA class.  Except as expressly admitted herein, the District denies each and every remaining allegation in Paragraph 31.

32.     Answering Paragraph 32 of the Complaint, the District admits that on July 9, 2021 and July 13, 2021, Plaintiffs made a request for P.C.'s educational records under the California Public Records Act ("CPRA") to the District. The District lacks sufficient information or belief as to why Plaintiffs made these requests to either admit or deny the allegation that they made the requests to gain information necessary to advocate for their daughter, and on that

DEFENDANT PLEASANTON UNIFIED SCHOOL                    Case No. 3:22-cv-02937-CRB
DISTRICT'S ANSWER TO PLAINTIFFS' COMPLAINT

ground deny this allegation. Except as expressly admitted herein, the District denies each and every remaining allegation in Paragraph 32.

33.     Answering Paragraph 33 of the Complaint, each and every allegation contained therein is a legal conclusion that does not require a response, and on that ground, denies the allegations contained therein.

34.     Answering Paragraph 34 of the Complaint, the District admits that Plaintiffs filed a Uniform Complaint on July 23, 2021. Except as expressly admitted herein, the District denies each and every remaining allegation in paragraph 34.

35.     Answering Paragraph 35 of the Complaint, the District admits that on August 3, 2021 it sent Plaintiffs a detailed response to their PRA Request, which stated in part that emails regarding Plaintiffs were not disclosable under the PRA due to the prohibition on public disclosure of student records.  Except as expressly admitted herein, the District denies each and every remaining allegation contained in paragraph 35.

36.     Answering Paragraph 36 of the Complaint, the District admits that that Plaintiffs narrowed their request for Mr. Goeken's emails to emails regarding P.C.  Except as expressly admitted herein, the District denies each and every remaining allegation in Paragraph 36.

37.     Answering Paragraph 37 of the Complaint, the District admits that its staff discussed with the Board of Directors the Uniform Complaint process and timelines, including an offer for mediation and holding an investigative meeting. Except as expressly admitted herein, the District denies each and every remaining allegation in paragraph 37.

38.     Answering Paragraph 38 of the Complaint, the District admits that it retained attorney Carlos Villegas. Except as expressly admitted herein, the District denies each and every remaining allegation contained in paragraph 38.

39.     Answering Paragraph 39 of the Complaint, the District admits the allegations contained therein.

40.     Answering Paragraph 40 of the Complaint, the District admits the allegations contained therein.

41.     Answering Paragraph 41 of the Complaint, the District denies the allegations

7

1    contained therein.

2        42.    Answering Paragraph 42 of the Complaint, the District admits that Plaintiff filed a

3    request for a due process hearing, alleging a denial of FAPE and that a due process hearing was

4    held from December 21-23, and 28-29, 2021. Except as expressly admitted herein, the District

5    denies each and every remaining allegation in Paragraph 42.

6        43.    Answering Paragraph 43 of the Complaint, denies the allegations contained

7    therein.

8        44.    Answering Paragraph 44 of the Complaint, the District admits that it retained

9    Garcia Hernandez Sawhney, who in turn hired Paradox Technologies, Steve Hummel, to

10   investigate Plaintiffs' October 2021 UCP Complaint. The District is without sufficient

11   information or belief to either deny or admit the allegation regarding Mr. Hummel's experience,

12   and on that ground, denies this allegation.  Except as expressly admitted herein, the District

13   denies each and every remaining allegation in paragraph 44

14       45.    Answering Paragraph 45 of the Complaint, the District admits the allegations

15   contained therein.

16       46.    Answering Paragraph 46 of the Complaint, the District admits that ALJ Marson

17   issued a Decision on February 24, 2022, ruling in favor of Plaintiffs on two issues, the District on

18   three issues and refusing to rule on the remaining issues. The District further admits that the

19   February 24, 2022 decision found that the District "did not have a complete written IEP in place

20   for Student at the beginning of the school year 2020-2021" which "produced a series of results

21   damaging to Parents' participatory rights." Except as expressly admitted herein, the District

22   denies each and every remaining allegation in paragraph 46.

23       47.    Answering Paragraph 47 of the Complaint, the District admits that ALJ Marsen

24   stated that details of P.C.'s educational program for the 2020-2021 school year were obscure and

25   staff were left wondering which IEP documents to follow due to the failure to have one

26   document that contained the most current IEP offer prior to the start of the school year.  Except

27   as expressly admitted, the District denies each and every remaining allegation.

28       48.    Answering Paragraph 48 of the Complaint, the District admits the allegations

DEFENDANT PLEASANTON UNIFIED SCHOOL          Case No. 3:22-cv-02937-CRB
DISTRICT'S ANSWER TO PLAINTIFFS' COMPLAINT

contained therein.

49.     Answering Paragraph 49 of the Complaint, the District admits the allegations contained therein.

50.     Answering Paragraph 50 of the Complaint, the District admits that the February 24, 2022 decision found that the District refused to provide Plaintiffs with a copy of P.C.'s governing IEP.  Except as expressly admitted herein, the District denies each and every remaining allegation in paragraph 50.

51.     Answering Paragraph 51 of the Complaint, the District denies the allegations contained therein.

52.     Answering Paragraph 52 of the Complaint, the District admits the allegations contained therein.

53.     Answering Paragraph 53 of the Complaint, the District denies the allegations contained therein.

54.     Answering Paragraph 54 of the Complaint, the District denies the allegations contained therein.

55.     Answering Paragraph 55 of the Complaint, the District admits the allegations contained therein.

56.     Answering Paragraph 56 of the Complaint, the District admits the allegations contained therein.

57.     Answering Paragraph 57 of the Complaint, the District admits that the March 14, 2022 written decision contains the alleged statements, but also avers that they are taken out of context.  Except as expressly admitted, the District denies each and every remaining allegation contained in paragraph 57.

58.     Answering Paragraph 58 of the Complaint, the District admits that the March 3, 2022 investigative report was provided to Plaintiffs by Ms. Hernandez, and that the report contains the alleged statements, but also avers that the statements are taken out of context. Except as expressly admitted herein, the District denies each and every remaining allegation in paragraph 58.

1   59.     Answering Paragraph 59 of the Complaint, the District denies the allegations

2   contained therein.

3   60.     Answering Paragraph 60 of the Complaint, the District admits that Plaintiffs'

4   attorney submitted a demand for attorney's fees incurred in the due process hearing and the

5   District did not respond to that demand and that Plaintiffs are not seeking review of the portions

6   of the Decision on which they prevailed. Except as expressly admitted herein, the District denies

7   each and every remaining allegation in paragraph 60.

8   61.     Answering Paragraph 61 of the Complaint, the District admits that at the March

9   25, 2022 IEP, it made an offer regarding specialized academic instruction and extended school

10  year for P.C.  Except as expressly admitted herein, the District denies each and every remaining

11  allegation contained in paragraph 61.

12  62.     Answering Paragraph 62 of the Complaint, the District admits that it provided

13  Plaintiffs with an IEP offer on or about March 26, 2002, and then began the IEP process for

14  P.C.'s triennial review on March 31, 2022, and that the triennial review IEP meetings did not

15  conclude until May 2022.  Except as expressly admitted herein, the District denies each and

16  every remaining allegation contained in paragraph 62.

17  63.     Answering Paragraph 63 of the Complaint, the District admits the allegation

18  contained therein.

19  64.     Answering Paragraph 64 of the Complaint, the District admits that Plaintiffs

20  communicated to P.C.'s case manager, Elizabeth Zaine, that sending an IEP on March 26, 2022

21  and starting another IEP process on March 31, 2022 created a lot of confusion regarding their

22  daughter's IEP.  Except as expressly admitted herein, the District denies each and every

23  remaining allegation contained in paragraph 64.

24  65.     Answering Paragraph 65 of the Complaint, the District is without sufficient

25  information or belief to either deny or admit the allegations therein, and on that ground, denies

26  the allegations in Paragraph 65.

27  66.     Answering Paragraph 66 of the Complaint, the District admits that on March 24,

28  2022, Plaintiffs sent a CPRA request to the District and that on April 18, 2022, the District

DEFENDANT PLEASANTON UNIFIED SCHOOL                    Case No. 3:22-cv-02937-CRB
DISTRICT'S ANSWER TO PLAINTIFFS' COMPLAINT

responded to the request stating that some of the requested records were exempt from disclosures and would not be produced and that the disclosable records would be produced on July 18, 2022. The District lacks sufficient information or belief to either admit or deny the allegation that Plaintiffs made the request to attempt to acquire records which would help them advocate for their daughter, and on that ground, denies this allegation.  Except as expressly admitted herein, the District denies each and every remaining allegation in paragraph 66.

67.     Answering Paragraph 67 of the Complaint, the District admits that on April 11, 2022, Plaintiff's attorney wrote to the District's attorney, Ms. Olson Brown, to meet and confer regarding the District's plan to offer training, which Plaintiffs claimed did not comply with the February 24, 2022 Decision.  Except as expressly admitted herein, the District denies each and every remaining allegation in paragraph 67.

68.     Answering Paragraph 68 of the Complaint, the District admits that Carlo Rossi, the trainer the District hired to conduct the training requirement by the February 24, 2022 decision was not a special education attorney or an experienced administrator.  The District lacks sufficient information or belief to either admit or deny that Plaintiff's attorney spoke to Mr. Rossi or the content of any such conversation, and on the grounds, denies these allegations. Except as expressly admitted herein, the District denies each and every remaining allegation in paragraph 68.

69.     Answering Paragraph 69 of the Complaint, the District denies the allegations contained therein.

70.     Answering Paragraph 70 of the Complaint, the District denies the allegations contained therein.

71.     Answering Paragraph 71 of the Complaint, the District denies the allegations contained therein.

72.     Answering Paragraph 72 of the Complaint, the District denies the allegations contained therein.

73.     Answering Paragraph 73 of the Complaint, the District is without sufficient information or belief to either deny or admit the allegations contained therein, and on that

DEFENDANT PLEASANTON UNIFIED SCHOOL                    Case No. 3:22-cv-02937-CRB
DISTRICT'S ANSWER TO PLAINTIFFS' COMPLAINT

1    ground, denies the allegations in Paragraph 73.

2    74.    Answering Paragraph 74 of the Complaint, the District admits its attorney Yuri

3    Calderon wrote to Plaintiffs' attorney on May 10, 2022 to request that the Paradox investigative

4    report, which the District claimed as privileged, be returned and copies destroyed.  Except as

5    expressly admitted herein, the District denies each and every remaining allegation in Paragraph

6    74.

7    75.    Answering Paragraph 75 of the Complaint, the District admits that on October 18,

8    2021, it provided Plaintiffs with the written decision and investigative report regarding their July

9    2021 Uniform Complaint and that the District did not claim attorney client privilege over the

10   written decision and investigative report and that no redactions were made to that decision and

11   report.  Except as expressly admitted herein, the District denies each and every remaining

12   allegation contained in paragraph 75.

13   76.    Answering Paragraph 76 of the Complaint, the District denies each and every

14   allegation therein.

15   77.    Answering Paragraph 77 of the Complaint, the District denies each and every

16   allegation therein.

17   **THE DISTRICT'S ANSWER TO PLAINTIFFS' FIRST CAUSE OF ACTION**

18   **(APPEAL FROM PORTIONS OF THE DUE PROCESS DECISION)**

19   **(20 U.S.C. SECTION 1415(e)(2))**

20   78.    Answering Paragraph 78 of the Complaint, the District hereby incorporates its

21   answers to Paragraphs 1 through 77 as though fully stated herein.

22   79.    Answering Paragraph 79 of the Complaint, each and every allegation therein is a

23   legal conclusion that does not require a response, and on that ground denies the allegations

24   contained in paragraph 79.

25   80.    Answering Paragraph 80 of the Complaint, the District admits that in this lawsuit

26   Plaintiffs challenge certain factual findings and conclusions of the ALJ's Decision in the due

27   process hearing.  Except as otherwise expressly admitted, the District denies each and every

28   remaining allegation contained in paragraph 80..

DEFENDANT PLEASANTON UNIFIED SCHOOL                    Case No. 3:22-cv-02937-CRB
DISTRICT'S ANSWER TO PLAINTIFFS' COMPLAINT

## THE DISTRICT'S ANSWER TO PLAINTIFFS' SECOND CAUSE OF ACTION

## RETALIATION

## (SECTION 504 AGAINST PUSD)

81.     Answering Paragraph 81 of the Complaint, the District hereby incorporates its answers to Paragraphs 1 through 80 as though fully stated herein.

82.     Answering Paragraph 82 of the Complaint, each and every allegation is a legal conclusion that does not require a response, and on that ground, denies the allegations contained in paragraph 82.

83.     Answering Paragraph 83 of the Complaint, each and every allegation is a legal conclusion that does not require a response, and on that ground, denies the allegations contained in paragraph 82..

84.     Answering Paragraph 84 of the Complaint, the District admits that the processes of: filing a Uniform Complaint, CPRA request, Government Claims or a request for due process, or participating in an IEP meeting are protected activities. Except as expressly admitted herein, the District denies each and every remaining allegation contained in paragraph 84.

85.     Answering Paragraph 85 of the Complaint, the District admits that on September 27, 2022, it issued a written decision on Plaintiffs' Uniform Complaint, which was revised on October 12, 2021), that it was aware of the February 24, 2022 Decision in OAH Case No. 2021100357, and that on March 14, 2022, its attorney issued a Final Written Decision on Plaintiffs' second Uniform Complaint.  Except as expressly admitted herein, the District denies each and every remaining allegation contained in paragraph 85.

86.     Answering Paragraph 86 of the Complaint, the District denies the allegations contained therein.

87.     Answering Paragraph 87 of the Complaint, the District denies the allegations contained therein.

88.     Answering Paragraph 88 of the Complaint, the District denies the allegations contained therein.

89.     Answering Paragraph 89 of the Complaint, the District denies the allegations

DEFENDANT PLEASANTON UNIFIED SCHOOL                    Case No. 3:22-cv-02937-CRB
DISTRICT'S ANSWER TO PLAINTIFFS' COMPLAINT

1  contained therein.

2      90.     Answering Paragraph 90 of the Complaint, the District denies the allegations

3  contained therein.

4      **THE DISTRICT'S ANSWER TO PLAINTIFFS' THIRD CAUSE OF ACTION**

5      **RETALIATION**

6      **(UNDER THE AMERICANS WITH DISABILITIES ACT)**

7      91.     Answering Paragraph 91 of the Complaint, the District hereby incorporates its

8  answers to Paragraphs 1 through 90 as though fully stated herein.

9      92.     Answering Paragraph 92 of the Complaint, each and every allegation is a legal

10  conclusion that does not require a response, and on that ground, the District denies the

11  allegations contained therein.

12     93.     Answering Paragraph 93 of the Complaint, each and every allegation is a legal

13  conclusion that does not require a response, and on that ground, the District denies the

14  allegations contained therein.

15     94.     Answering Paragraph 94 of the Complaint, the District admits the allegations

16  contained therein.

17     95.     Answering Paragraph 95 of the Complaint, the District admits the allegations

18  contained therein.

19     96.     Answering Paragraph 96 of the Complaint, the District denies the allegations

20  contained therein.

21     97.     Answering Paragraph 97 of the Complaint, the District denies the allegations

22  contained therein.

23     98.     Answering Paragraph 98 of the Complaint, the District denies the allegations

24  contained therein.

25     **THE DISTRICT ' ANSWER TO PLAINTIFFS' FOURTH CAUSE OF ACTION**

26     **DISCRIMINATION**

27     **(VIOLATION OF SECTION 504 OF THE REHABILITATION ACT)**

28     99.     Answering Paragraph 99 of the Complaint, the District hereby incorporates its

14

answers to Paragraphs 1 through 98 as though fully stated herein.

100.    Answering Paragraph 100 of the Complaint, each and every allegation therein is a legal conclusion that does not require a response, and on that ground, the District denies the allegations contained therein.

101.    Answering Paragraph 101 of the Complaint, the District denies the allegations contained therein.

102.    Answering Paragraph 102 of the Complaint, the District admits that P.C. has been diagnosed with Dyslexia. Except as expressly admitted herein, the District denies each and every remaining allegation in paragraph 102.

103.    Answering Paragraph 103 of the Complaint, the District admits that P.C. has been diagnosed with Dyscalculia. Except as expressly admitted herein, the District denies each and every remaining allegation in paragraph 103.

104.    Answering Paragraph 104 of the Complaint, the District admits that Plaintiff has been diagnosed with Dysgraphia. Except as expressly admitted herein, the District denies each and every remaining allegation in paragraph 104.

105.    Answering Paragraph 105 of the Complaint, the District denies the allegations contained therein.

106.    Answering Paragraph 106 of the Complaint, the District denies the allegations contained therein.

## THE DISTRICT ' ANSWER TO PLAINTIFFS' FIFTH CAUSE OF ACTION
## DISCRIMINATION
## (AMERICANS WITH DISABILITIES ACT)

107.    Answering Paragraph 107 of the Complaint, the District hereby incorporates its answers to Paragraphs 1 through 106 as though fully stated herein.

108.    Answering Paragraph 108 of the Complaint, each and every allegation therein is a legal conclusion which does not require a response, and on that ground, the District denies the allegations contained therein.

109.    Answering Paragraph 109 of the Complaint, the District incorporates its answers

15

1  to Plaintiffs' allegations in paragraphs 99-106 as fully set forth herein and denies the allegations
2  contained in paragraph 109.

3  ## THE DISTRICT'S ANSWER TO PLAINTIFFS' SIXTH CAUSE OF ACTION
4  ## ATTORNEY'S FEES AS PREVAILING PARTY
5  ### (20 U.S.C. § 1415(i)(3)(B))

6       110.    Answering Paragraph 110 of the Complaint, each and every allegation therein is a
7  legal conclusion that does not require a response, and on that ground, the District denies the
8  allegations contained therein.

9       111.    Answering Paragraph 111 of the Complaint, the District denies the allegations
10  contained therein.

11       112.    Answering Paragraph 112 of the Complaint, the District denies the allegations
12  contained therein.

13       113.    Answering Paragraph 113 of the Complaint, the District denies the allegations
14  contained therein.

15  ## THE DISTRICT'S ANSWER TO PLAINTIFFS' JURY DEMAND

16       114.    Answering Plaintiffs' Demand for a Jury Trial, Plaintiffs merely assert a legal
17  conclusion as opposed to statements of fact and on that basis the allegations are denied.

18       115.    Answering Paragraph 115 of the Complaint, Plaintiffs merely assert a legal
19  conclusion as opposed to statements of fact and on that basis the allegations are denied.

20  ## THE DISTRICT'S ANSWER TO PLAINTIFFS' PRAYER

21       116.    Answering Plaintiffs' Prayer for Relief, the District denies all allegations in
22  Plaintiffs' Prayer for Relief and denies that Plaintiffs have been damaged in any sum or sums
23  and/or that they are entitled to any award or recovery at all against this answering Defendant.

24  ## AFFIRMATIVE DEFENSES

25       Defendant alleges the following as separate and affirmative defenses to the Complaint.
26  Defendant does not, however, allege or admit that she has the burden of proof or persuasion with
27  respect to any of these matters. Defendant reserves the right to raise additional affirmative
28  defenses as they become known through discovery in this case.

16

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State Claim)

AS A FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO PLAINTIFFS' COMPLAINT ON FILE HEREIN, the District alleges and avers that Plaintiffs' Complaint, and all claims set forth therein, do not state facts sufficient to constitute a cause of action against these answering the District.

## SECOND AFFIRMATIVE DEFENSE

### (Res Judicata)

AS A SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO PLAINTIFFS' COMPLAINT ON FILE HEREIN, the District alleges that Plaintiffs' Complaint, and all claim set forth therein, claims are barred by the doctrine of res judicata.

## THIRD AFFIRMATIVE DEFENSE

### (Collateral Estoppel)

AS A THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO PLAINTIFFS' COMPLAINT ON FILE HEREIN, the District alleges that Plaintiffs are collaterally estopped from raising claims already litigated between the parties, and as such, their Complaint, and all claims set forth therein, are barred.

## FOURTH AFFIRMATIVE DEFENSE

### (First Amendment)

AS A FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO PLAINTIFFS' COMPLAINT ON FILE HEREIN, the District alleges the acts and statements of its employees were privileged because they were protected by the First Amendment.

## FIFTH AFFIRMATIVE DEFENSE

### (Legitimate Non-Retaliatory Reason)

AS A FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO PLAINTIFFS' COMPLAINT ON FILE HEREIN, the District alleges that the Complaint and all claims set forth therein are barred because all acts of the District were done in good faith and motivated by legitimate, non-retaliatory reasons.

### SIXTH AFFIRMATIVE DEFENSE

(Plaintiffs Are Not Prevailing Party)

AS A THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO PLAINTIFFS' COMPLAINT ON FILE HEREIN, the District alleges that Plaintiffs did not fully prevail at the subject due process hearing, have not prevailed in this action, and are not entitled to attorneys' fees or costs for any issue or claim for which they have not prevailed or on which the relief they obtained was de minimus.

### SEVENTH AFFIRMATIVE DEFENSE

(Not Entitled to Attorney Fee Award)

AS A SEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO PLAINTIFFS' COMPLAINT ON FILE HEREIN, the District alleges that the statutory grounds for reduction or denial of an attorneys' fee award set forth at 20 U.S.C. section 1415(i)(3) apply to this case, and the Plaintiffs' fees, if any, must be reduced.

### EIGHTH AFFIRMATIVE DEFENSE

(Express Waiver)

AS A EIGHTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO PLAINTIFFS' COMPLAINT ON FILE HEREIN, the District alleges that Plaintiffs have expressly waived any and all claims through the execution of an express waiver with respect to some or all of the allegations and injuries detailed in the Complaint. As such, Plaintiffs' Complaint, and all claim set forth therein, are barred in whole or in part by the express waiver.

### NINTH AFFIRMATIVE DEFENSE

(Failure to Join/Misjoinder of Parties)

AS A NINTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO PLAINTIFFS' COMPLAINT ON FILE HEREIN, the District allege that there is a defect or misjoinder of parties. Specifically, Plaintiffs failed to join all parties necessary for the final determination of this action.

///

///

18

DEFENDANT PLEASANTON UNIFIED SCHOOL DISTRICT'S ANSWER TO PLAINTIFFS' COMPLAINT          Case No. 3:22-cv-02937-CRB

1

## **TENTH AFFIRMATIVE DEFENSE**

2

(Statute of Limitations)

3      AS A TENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO

4  PLAINTIFFS' COMPLAINT ON FILE HEREIN, the District alleges and avers that Plaintiffs'

5  Complaint, and all claims set forth therein, are barred by all applicable statutes of limitations

6  including, but not limited to, 20 U.S.C. §1415 and Cal. Code Civ. Proc. §§ 335, et seq.

7

## **ELEVENTH AFFIRMATIVE DEFENSE**

8

(Waiver/Estoppel)

9      AS A ELEVENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO

10  PLAINTIFFS' COMPLAINT ON FILE HEREIN, the District alleges and avers that Plaintiffs'

11  Complaint and all claims set forth therein are barred by the doctrines of waiver and estoppel.

12

## **TWELFTH AFFIRMATIVE DEFENSE**

13

(Laches)

14      AS A TWELFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO

15  PLAINTIFFS' COMPLAINT ON FILE HEREIN, the District alleges and avers that Plaintiffs'

16  Complaint, and all claims set forth therein, are barred by the doctrine of laches.

17

## **THIRTEENTH AFFIRMATIVE DEFENSE**

18

(Justified/Reasonable Conduct)

19      AS A THIRTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO

20  PLAINTIFFS' COMPLAINT ON FILE HEREIN, the District alleges and avers that at all times

21  the District's conduct was justified, reasonable, and necessary so to dispatch its lawful

22  obligations and duties.

23

## **FOURTEENTH AFFIRMATIVE DEFENSE**

24

(Judicial Estoppel)

25      AS A FOURTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO

26  PLAINTIFFS' COMPLAINT ON FILE HEREIN, the District alleges and avers that Plaintiffs'

27  Complaint, and all claims set forth therein, are barred by the doctrine judicial estoppel.

28

## **FIFTEENTH AFFIRMATIVE DEFENSE**

19

1    (Privileged/Justified Conduct)

2        AS A FIFTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO

3   PLAINTIFFS' COMPLAINT ON FILE HEREIN, the District alleges and avers that Plaintiffs'

4   Complaint, and all claims set forth therein, are barred because the District's conduct was

5   privileged and/or justified.

6    **SIXTEENTH AFFIRMATIVE DEFENSE**

7    (Unclean Hands)

8        AS A SIXTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO

9   PLAINTIFFS' COMPLAINT ON FILE HEREIN, the District alleges and avers that Plaintiffs'

10  Complaint, and all claims set forth therein, are barred in whole or in part by reason of Plaintiffs'

11  unclean hands.

12   **SEVENTEENTH AFFIRMATIVE DEFENSE**

13   (Failure to Exhaust Administrative Remedies)

14       AS A SEVENTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

15  TO PLAINTIFFS' COMPLAINT ON FILE HEREIN, the District alleges and avers that that

16  Plaintiffs' Complaint, and all claims set forth therein, are barred in whole or in part by reason

17  of Plaintiffs' failure to exhaust their administrative remedies.

18   **EIGHTEENTH AFFIRMATIVE DEFENSE**

19   (Failure to Exhaust Judicial Remedies)

20       AS AN EIGHTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

21  TO PLAINTIFFS' COMPLAINT ON FILE HEREIN, the District alleges and avers that that

22  Plaintiffs' Complaint, and all claims set forth therein, are barred in whole or in part by reason

23  of Plaintiffs' failure to exhaust their judicial remedies.

24   **NINETEENTH AFFIRMATIVE DEFENSE**

25   (Failure to Exhaust Judicial Remedies)

26       AS AN NINETEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

27  TO PLAINTIFFS' COMPLAINT ON FILE HEREIN, the District alleges and avers that they

28  presently have insufficient knowledge or information on which to form a belief as to whether

it may have additional, as yet unstated, defenses available. The District reserves herein the right to assert additional defenses in the event discovery indicates that they would be appropriate.

**WHEREFORE**, Defendant prays for judgment as follows:

1. That this action be dismissed in its entirety, with prejudice.

2. That judgment be entered in favor of Defendant and against Plaintiff.

3. That Defendant be awarded her costs of suit and attorneys' fees incurred herein; and

4. For such and other further relief as this Court may deem just and proper.

Dated: December 9, 2022                **LEONE ALBERTS & DUUS**

                                       *s/Katherine A. Alberts*
                                       KATHERINE A. ALBERTS
                                       Attorneys for Defendant
                                       PLEASANTON UNIFIED SCHOOL DISTRICT

DEFENDANT PLEASANTON UNIFIED SCHOOL          Case No. 3:22-cv-02937-CRB
DISTRICT'S ANSWER TO PLAINTIFFS' COMPLAINT