IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMISON CUMMINGS, et al.,<br><br>      Plaintiffs,<br><br>v.<br><br>PLEASANTON UNIFIED SCHOOL DISTRICT,<br><br>      Defendant. | Case No. 22-cv-02937-CRB<br><br>**ORDER GRANTING MOTION TO SET ASIDE ENTRY OF DEFAULT** |

Defendant Pleasanton Unified School District ("the District") moves to set aside the Clerk's entry of default. See Mot. (dkt. 31); Clerk's Notice of Entry of Default (dkt. 30). Plaintiffs Jamison and Betsy Cummings do not oppose the motion. See Notice of Non-Opposition to Mot. (dkt. 36).

Federal Rule of Civil Procedure 55(c) provides that a court may set aside an entry of default "for good cause." The "good cause" analysis considers three factors (the "Falk factors"): (1) whether the defendant's culpable conduct led to the default; (2) whether the defendant has a meritorious defense; and (3) whether reopening the default judgment would prejudice the plaintiff. TCI Grp. Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001), overruled on other grounds by Egelhoff v. Egelhoff ex. rel. Breiner, 532 U.S. 141 (2001). The movant bears the burden of demonstrating that all three factors favor setting aside default, and the Court may deny the motion if Defendants fail to bear their burden on any one factor. See Franchise Holding II, LLC v. Huntington Rests. Grp., Inc., 375 F.3d 922, 926 (9th Cir. 2004) (quoting Am. Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1108 (9th Cir. 2000)). Because default judgments are usually

disfavored, the Court must apply Rule 55 liberally, and any doubts must be resolved in favor of the motion to set aside entry of default. See Meadows v. Dominican Republic, 817 F.2d 517, 521 (9th Cir. 1987). "The [C]ourt's discretion is especially broad where . . . entry of default . . . is being set aside, rather than a default judgment." Mendoza v. Wight Vineyard Mgmt., 783, F.2d 941, 945 (9th Cir. 1986).

The Court concludes that the District was not culpable: communication between the parties was disrupted over the holidays, District counsel believed that a stipulated extension was still in place while the parties negotiated settlement, District counsel was sick with Covid, and District counsel believed the District could not have defaulted given its earlier motion to dismiss. See Mot. at 3–6. The District also contends, plausibly, that it has a meritorious defense both as to the attorneys' fees question and the retaliation and discrimination claims. Id. at 7–8. Finally, Plaintiffs will not be prejudiced by setting aside the entry of default because the case is still at an early stage, and an Initial Case Management Conference has not yet occurred. See id. at 6–7.

For the foregoing reasons, there is good cause to set aside the entry of default, and the Court GRANTS the motion.

**IT IS SO ORDERED.**

Dated: January 23, 2023

CHARLES R. BREYER
United States District Judge